1  Dallan A. Louis, Y78652
   HO 1A 209
2  California Correctional Institution
   P.O Box 1906
3  Tehachapi, CA 93581

4  Plaintiff, In Pro Se
   Dallan A. Louis

5

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

11  DALLAN A. LOUIS,                    No. C07CV6293  JSW (PR)

12         Plaintiff,                   PLAINTIFF'S MOTION FOR RECONSIDERATION
                                        OF ORDER DISMISSING DEFENDANT NEOTTI,
13  v.                                  DATED APRIL 24, 2008, AND OR ALTERNATIVELY
                                        FOR LEAVE TO ADD DEFENDANT
14  PICKETT, et al,                     [Fed. R. Civ. P. 59(e), or 60(b)]

15         Defendants.                  Complaint Filed: 12-12-07

16

17  TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18      The Plaintiff, Dallan A. Louis, proceeding in Pro se, and Informa Pauperis, is moved to submit the instant

19  motion for reconsideration of the court's manifestly unjust decision, and clear error in dismissing defendant

20  Neotti in its April 24, 2008 (see Appendix "A", Order dated 4-24-08), pursuant to Federal Rules of Civil

21  Procedure 59(e), and or 60(b), as defendant Neotti (along with the need to add as defendant Appeals

22  Coordinator John Doe) are indispensible parties to this claim, pursuant to Fed. R.C.P. 19. Had Neotti

23  not been erroneously dismissed with prejudice, liability would be imputed to both, due to the knowing in-

24  effectiveness of the complaint investigative process, wherein Plaintiff received "newly discovered evidence"

25  of the conclusion by the Federal court appointed monitor Special Master John Hagar in this court in Madrid

26  v. Tilton, C-90-3094 T.E. H., in a report released in January 2008 (see Exhibit "A" supporting Declaration,

27  "Judge Says He Will Monitor Prison Guards" at 2, last sect., and 3, first para dated 11-18-04), that the discipli-

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924



1

1  nary system in place within the department is a hoax, with counterfeit investigations conducted,
2  intended to absolve the guards of wrongdoing, reflecting the morale/conduct of the guards (particul-
3  iarly defendant Puckett's at issue in this action).

4      In light of this courts error dismissing the claim against Neoth with prejudice, instead of granting
5  this pro se litiguant leave requiring sufficient facts be alleged, there is a need to amend the complaint to
6  add additional facts to support his claim against defendant Neoth, and to add as defendant Appeals Coord-
7  inator John Doe (attached as Appendix B find Plaintiff's proposed Amended Complaint).

8      This motion will be based on the attached declaration of Dallan A. Louis, the Memorandum of Points
9  and Authorities in support thereof, on the Proposed Amended Complaint, on the papers and records on file,
10  and such other evidence, oral or documentary as may be presented.

11  Dated: May 6, 2008

                                                    D. Lavis
                                                    _____

13                                                  DALLAN A. LOUIS
                                                    Plaintiff, In Pro Se

14
15
16
17
18
19
20
21
22
23
24
25
26
27  MOTION FOR RECONSIDERATION / ALT. FOR LEAVE TO ADD DFT.



COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 3-95)
OSP 98 10924

1  Dallan A. Louis, V78658
   HG 1A 209
2  California Correctional Institution
   P.O Box 1906
3  Tehachapi, CA 93581

4  Plaintiff, In Pro se
   Dallan A. Louis

5

6

7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10

11  Dallan A. Louis,                    No. C07 CV 6293 JSU (PR)

12        Plaintiff,                     DECLARATION OF DALLAN A. LOUIS
                                         IN SUPPORT OF MOTION FOR RECONSIDERATION
13  v.                                   OF ORDER DISMISSING DEFENDANT, AND
                                         OR ALTERNATIVELY FOR LEAVE TO ADD
14  Puckett, et al,                      DEFENDANT

15        Defendants

16

17      I, Dallan A. Louis, declare as follows:

18      1. I am the Plaintiff, proceeding in pro se in the above-entitled matter.

19      2. I had initially filed the complaint back in November 2007, wherein it was the

20  first complaint I had ever filed under 42 USC § 1983 Civil Right Act. Despite the fact

21  this court had made no effort to point out the deficiencies in the complaint prior to dismiss-

22  ing defendant Neath, as required, and providing me an opportunity to cure same.

23      3. Since receiving the courts order on about 5-4-08, I was furnished a copy of the

24  attached Exhibit A, Los Angeles Daily Journal article "Judge Says He Will Monitor Prison

25  Guards" (dated 11-18-04), which constitutes "newly discovered evidence", as I was not aware prior

26  that Federal investigations have been conducted/concluding that the disciplinary system

27  within the department was corrupted, with counterfeit investigations into complaints of

1

1  guard misconduct, which would go to support my claim against defendant Neoth, justifying

2  the grant of leave to amend the complaint to allege sufficient facts in the claim against

3  this defendant under respondeat superior theory, whereas the Appeals Coordinator (John Doe)

4  is an indispensible party as his/her rights and obligations would be in question, as the failure

5  to provide the directors level with records of proper inquiry re the investigation of of my complaint

6  against Puckett, violated my due process, as the director was unable to affirm or reverse the

7  actions taken at the lower level as a result, showing that no investigation was actual con-

8  ducted.

9    4. The failure of the Administration (defendant Neoth) to enforce discipline on the guards,

10 by the ineffectiveness of the disciplinary system serves to sanction the guards' actions/miscon-

11 duct, with an official acquiescence thereof, making defendant Neoth liable.

12    5. For the foregoing reasons my motion for reconsideration should be granted.

13   i declare under the penalty of perjury under the laws of the state of California

14 that the foregoing is true and correct executed this 6th day of May, 2008, at Tehachapi

15 California.

16                                        By: _D. Lewis_
                                              Dallan A. Lewis
                                              Plaintiff In Pro Se

17

18

19

20

21

22

23

24

25

26

27  DECLAR. OF DAL IN SUPP. OF MOTION FOR RECONSIDERATION

2

**Exhibit A**

www.dailyjournal.com

GELES

# Journal

OFFICIAL NEWSPAPER OF THE CITY OF LOS ANGELES AND THE COUNTY OF LOS ANGELES

888 —

ELES, CA 90012 (213) 229-5300

**AD-SEG LIBRARY**

**THURSDAY,**
NOVEMBER 18, 2004
Vol. 117 No. 225

$2.50

# Judge Says He Will Monitor Prison Guards

## Supervising Reforms Statewide Likely Will Cut Power of Union

### 'Broken to the Core'

**By Pamela A. MacLean**
Daily Journal Staff Writer

SAN FRANCISCO — Calling the state's prison guard discipline system "broken to the core," U.S. District Judge Thelton Henderson took control of monitoring reform measures statewide Wednesday and sharply curtailed the power of the guards' union.

Issuing a sweeping order, Henderson nevertheless stopped short of his threat earlier this year to take over of the entire 162,000-inmate state corrections system and appoint a receiver to run the department.

Henderson dropped consideration of criminal contempt-of-court proceedings against former state prison director Edward Alameida, citing Alameida's retirement and ill health and the lack of evidence that he had violated a court order.

Special Master



ROBERT LEVINS / Daily Journal
regard a career   Court Judge Wendy L. Kohn said of her mother. "Much of
Angeles Superior   what I have accomplished has its roots in her lessons."

## Is Strictly Pro-Child

The and Kohn ruled would stay with

## Write-In Mayoral Votes

... The lawsuit wants a judge to order McPherson to count all votes for Frye, no matter whether the oval is filled in or not.

"All write-in ballots have been separated ... and can be easily reviewed under the prop..." the complaint states. *League of Women Voters v. McPherson*, GIC838890.

In addition the complaint seeks a temporary restraining order and injunctions prohibiting McPherson from excluding ... the final election results any ballots on which voters wrote the candidate's name but did not fill in the oval.

... names as plaintiffs Bruce ... described as a voter in the city of San Diego, and Jill Van Cleve, who said ... would write a name in the Nov. 2 election but did not fill in the oval.

The real parties in interest named by ... are City Council member Frye ... and the opponents in the general election ... incumbent ... Murphy ... and ... county ... Supervisor Ron Roberts.

*See Page 5 — LEAGUE*

## Just Say No to Piracy

... The department's Task Force on Intellectual Property ... mentioned but did not elaborate on the task force's recommendations for reaching stu-dents ...

Among other things, the report suggested that the department develop a national education cam-paign on intellectual property.

... The report stated, "Educating the public, and especially the youth of the nation about intellectual property rights and responsibilities can be an effec-tive method of deterring crime before it happens."

The report urged the department to develop for the 2005-06 school year an educational video on intellectual property that would be targeted at fifth- and sixth-grade students.

... also urged federal prosecutors to initiate local educational campaigns on intellectual property by ... making presentations or other methods that may appeal to students in the particular region.

... over, as intellectual property and entertain-

## Student Denies Firebombing SUVs Last Year

**By John Ryan**
*Daily Journal Staff Writer*

Caltech graduate student William Cottrell proclaimed his hatred of SUVs on the witness stand Wednesday, but he denied firebombing any vehicles during last year's arson attacks at San Gabriel Valley car dealerships.

"You think SUVs are evil, correct?" Assistant U.S. Attorney Beverly Reid-O'Connell, who is prosecuting Cottrell in Los Angeles federal court, asked in cross-examination.

"Yes, I think they're bad for the envi-ronment," Cottrell replied.

He insisted, however, that he opposed the arson, which he said was committed

... Hagar to investigate the powerful prison guards' union and determine whether contract terms or union conduct violate or interfere with court-ordered reforms of investigation of officers for alleged brutal-ity. He also threatened to sanction the union for allegedly misleading the court.

In that portion of his order, Henderson told the California Correctional Peace Officers Association, the guards' union, to explain by Dec. 6 why the court should not sanction the union for an alleged attempt to mislead him in 2004 by claim-ing falsely that a guard contracted a dan-gerous bacterial infection at Pelican Bay State Prison.

Henderson's order Wednesday is the outgrowth of an investigation by Hagar into allegations that management bowed to pressure from the 29,000-member guards union to kill a 2003 perjury inves-tigation of three officers and negotiate away control of use of force and discipline investigations.

### Pelican Bay

Henderson has overseen promised reforms at Pelican Bay State Prison ever since his 1995 decision that abuse of inmates and the failure to punish guards for the excesses had become so egre-gious at Pelican Bay that they violated inmates' constitutional rights, *Madrid v. Woodford*, C90-3094 (N.D. Cal 1995).

Following Hagar's months-long investi-gation as well as five days of hearings with 20 witnesses, Henderson has concluded that discipline reforms at Pelican Bay can-not succeed without reform of the entire discipline process, starting with the Sacramento headquarters.

Hagar's report, in vivid and damning detail, documents that the ... state

*See Page 5 — JURIST*

R J DONOVAN CORR FACILITY
REC WAREHOUSE LAW LIBRARY
480 ALTA RD
SAN DIEGO      CA  92179-0001

...the highest both in conversation, and in court. Cottrell said he never took credit for...

He said the sarin was "a stupid move by these conspirators..."

Some of the sarin sprayed by Cottrell appeared in videos of ELF, which stands for the radical environmental group Earth Liberation Front.

However, the group's alleged acts of destruction across the United States have not been part of the trial, and Cottrell claims no affiliation with the group.

"I'd plead guilty to spray painting," Cottrell said, after identifying himself in video surveillance from a car dealership. Klausner chuckled at the remark along with others in the courtroom but agreed with Reid-O'Connell that it should be stricken from the record.

Still, Cottrell's line drove home the pr...

Most of the time, Reid-O'Connell patiently waited for the answer before asking Klausner to strike the statements.

At other times, Cottrell began a rambling answer, then cut himself off by answering, "Yeah, sure."

In opening statements, Mayock told jurors that Asperger's, a form of autism in which an individual can display high intelligence with certain deficiencies in social and communications skills, made Cottrell vulnerable to being duped by the two co-conspirators.

However, after further briefing on the mental-defect issue, Klausner ruled that the Asperger's material was not relevant to the charges, and the judge prohibited the defense from presenting evidence about the condition during the trial.

Klausner also prevented the defense from calling Josh Connole as a witness.

...pressure for a conv... tion has come from as high as the White House.

On the stand, Cottrell also admitted that he asked his friend, Claire Jacobs, to provide a fake alibi for him on the night of attacks.

He also conceded he offered to marry Jacobs, which would have prevented her from being forced to testify against him.

"Yeah, I considered that for a little bit," Cottrell said.

However, he also insisted that he told Jacobs that he only took part in the vandalism, contrary to the prosecution argument that he failed to make that distinction to his friends.

"In fact, I told her that several times," Cottrell said, "And, imagine that she told that to you guys."

Mayock and Reid-O'Connell are scheduled to give closing statements in the case today.

# Jurist Will Monitor State Prison Guard Reforms

Continued from Page 1

...Department of Correction's system for investigating and disciplining officers is broken to the core. Not only is the system dysfunctional from a managerial standpoint, but it is also subject to interference and obstruction from the CCPOA," Henderson wrote Wednesday.

In his order, Henderson expanded Hagar's assignment to monitor Pellican Bay on state reforms. Now, Hagar will monitor systemic reform of investigations and discipline policies for abusive officers statewide.

Henderson found that the Department of Corrections deferred to the union in the investigation of guard misconduct and that terms of the union contract may unduly interfere with the ability of the CDCR to effectively investigate and discipline officers charged with such abuses.

Henderson ordered Pellican Bay officials to exclude the union from future executive-review committee evaluations on excessive force complaints at the prison. The meetings are intended to provide executives and the warden with an opportunity to discuss potential discipline candidly.

Union attendance at the meetings "is not necessary to protect the due process interests of correctional officers," the judge wrote.

The judge allowed the union to intervene in the Madrid case for the very limited purposes of participating in Hagar's review of whether the current contract violates the reforms and the use-of-force policies that began at Pellican Bay.

Responding to Henderson's order Wednesday, Union Vice President Lance Corcoran said the union is pleased that the judge allowed it to defend our contract "by intervening in the court case."

Corcoran said the meaning and extent of the contract provisions has been "grossly exaggerated by the management team, certain legislators and the Prison Law Office," which represents the inmates.

Corcoran said the contract terms were "born of abuses by managers."

He said officers should be able to see complaints filed against them by inmates. He also complained that relations with new Department of Corrections Director Rod Hickman "have deteriorated over the last year."

"They think it is not in their interest to talk to the union," Corcoran said.

Henderson also berated former state prisons director Edward Alameida for having "neither the will nor intent to effectively investigate and potentially discipline three Pellican Bay officers accused of the most serious of charges — suspected perjury in federal court to cover up excessive force by fellow officers."

Alameida instead "chose to shut down the investigations in order to appease the [union]," Henderson wrote.

Henderson said he reluctantly would not pursue criminal contempt of court punishment for Alameida, who retired in January 2004.

The judge did indicate he would seriously consider sanctions against Thomas Moore, the former head of the department's office of investigative services.

Moore must respond by Dec. 6 to Henderson's proposal regarding potential judicial sanctions.

Hagar found that Moore, who was responsible for internal affairs investigations, submitted a false letter to the court to mislead Henderson, "papering over" reasons for the aborted perjury investigation, according to the order.

Moore treated the plan to investigate alleged perjury by Pellican Bay Officers

William Jones, C.P. Matlock and Owen Tuttle in a criminal case against two former guards "as a sham which he never seriously attempted to follow."

"The court has no doubt that both Alameida and Moore engaged in gross abuses of the public trust," Henderson wrote.

The judge found that he could not pursue criminal contempt-of-court sanctions because Alameida and Moore were not specifically named as responsible parties in court orders and therefore did not violate a direct order.

Attorney Steve Fama, who represents the class of inmates in Madrid, said the most important aspects of the order were "making clear the court's concern about the union and that the union contract may be a barrier to the adequate remedy for the long-standing problems."

Henderson praised the progress on reforms instituted by Hickman, the new department head, appointed by Gov. Arnold Schwarzenegger.

Henderson pointed out that the Department of Corrections has embarked on several initiatives to create a discipline matrix adopted by the court last week that outlines for the first time a specific punishment to go with a specific violation by officers.

Hickman also launched programs to combat the "pervasive code of silence" and has created a Bureau of Internal Review to independently monitor the progress of internal affairs investigations.

Corrections spokeswoman Margot Bach said, "We are going to let the court's words speak for themselves. We are gratified the direction being taken by Secretary Hickman and Director [Jeanne] Woodford has been recognized."

Lawyers for Alameida and Moore did not return calls seeking comment.

1  Dallan A. Louis, V78658
   4B 1A 209
2  California Correctional Institution
   P.O Box 1906
3  Tehachapi, CA 93581

4  Plaintiff, In Pro Se
   Dallan A. Louis
5

6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  Dallan A. Louis,                    No. G07CV6293 JSW (PR)

12          Plaintiff,                  MEMORANDOM OF POINTS AND
                                        AUTHORITIES IN SUPPORT OF HIS
13  v.                                  MOTION FOR RECONSIDERATION

14  Asckeit, et al,
                                        Complaint Filed: 12-12-07
15          Defendants.

16

17     Plaintiff Dallan Louis hereby submitts his memorandum of points and authorities in support of

18  his motion for reconsideration of the order dismissing defendant Neoth, and or alternatively for leave

19  to add defendant.

20  STANDARD OF REVIEW

21     The Fed. Rules of Civil Procedure do not expressly provide for motions for reconsideration, however,

22  a motion for reconsideration may be construed as a motion to alter or amend judgment under Rule 59(e) or

23  Rule 60(b). see Osterneck v. Ernst & Whinney, 489 US 169, 174 (1989); In re Arrowhead Estates Development Co,

24  42 F3d 1306, 1311 (9th Cir. 1994). Under Rule 59(e), "[R]econsideration is appropriate if the district court (1) is

25  presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly un-

26  just, or (3) if there is an intervening change in controlling law. There may also be other, highly unusual,

27  circumstances warranting reconsideration." School Dist No. 1J v. Acands. Inc., 5 F3d 1255, 1263 (9th Cir. 1993).



1  (citations omitted).

2      Here, Plaintiff is providing the court with "newly discovered evidence" (L.A Daily Journal news article

3  received from another prisoner litigant on 5-2-08) that the disciplinary system currently in place within

4  the Department of Corrections is corrupted, and violated his due process, by failing to conduct an honest

5  investigation of his complaint against defendant Puckett, holding defendant Neoth liable on a

6  respondeat superior theory, due to an official policy of counterfeit investigations into the complaints

7  of guard misconduct, serving as a sanction of the guards actions (particularly defendant Puckett's

8  failure to follow regulations, taking it upon himself to resort to retaliation in violation of Plaintiff's

9  First Amendment right, as Plaintiff otherwise would have received a CDC 128 B, or 115, for any infraction

10  he would have been accused of committing). Defendant Puckett's actions were clearly attributed to the

11  malfective disciplinary system in place.

12      Fed. Rules of Civil Procedure Rule 19, made it clear that all persons of material interest in the subject

13  of the action should be joined as parties so that they may be heard if the rights and obligations of the

14  persons whose joinder was in question. Where in this case the Appeals Coordinator (John Doe) played a crucial

15  role determining the mode and mechanisms in place for initiating/conducting the investigation

16  (which never occurred), and in providing the directors level with a showing that a proper inquiry

17  took place/providing investigative records. Failure of defendant Neoth, and the Appeals Coordinator

18  to do so violated Plaintiff's due process, holding both liable.

19      This court errored in dismissing defendant Neoth with prejudice, and without pointing out the

20  deficiencies to Plaintiff (a pro se litigant), and allowing him the opportunity to cure same, unware of

21  his inexperience in setting forth a sufficient factual basis, Eldridge v. Block, 832 F2d 1132, 1136 (9th Cir.

22  1987), citing to Noll v. Carlson, 809 F2d 1446, 1448 (9th Cir.1987). See also Gomez v. USAA Federal Savings Bank

23  (1999) 171 F.3d 798, 795.

24      The naming of the Appeals Coordinator is necessary for shaping Plaintiff's, and the relief which

25  he seeks, Miller & Lox. Inc. v. Nickel, 141 F.Supp. 41 (N.D. Cal. 1956), and there would be no way of

26  resolving the entire dispute in the absence of this defendant.

27  Dated: May 6, 2008

Dallas A. Louis
Plaintiff, In Pro Se

MEMO OF P&A's IN SUPP. OF MOTION FOR RECONSIDERATION

# Appendix A

1

2

3

4

5

6

7

**ORIGINAL**
**FILED**

**APR 2 4 2008**

**RICHARD W. WIEKING**
**NORTHERN U.S. DISTRICT COURT**
**DISTRICT OF CALIFORNIA**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8  LOUIS A. DALLAN,                          )  No. C 07-6293 JSW (PR)
                                             )
9                                            )  **ORDER OF SERVICE AND**
               Plaintiff,                    )  **PARTIAL DISMISSAL;**
10                                           )  **DIRECTING DEFENDANTS TO**
                                             )  **FILE DISPOSITIVE MOTION OR**
11        v.                                 )  **NOTICE THAT SUCH MOTION IS**
                                             )  **NOT WARRANTED**
12  PUCKETT, et al.,                         )
                                             )
13             Defendants.                   )
                                             )
14  _____ )

15                         **INTRODUCTION**

16        Plaintiff, a California prisoner, filed this pro se civil rights complaint under 42

17  U.S.C § 1983. Plaintiff has also filed a motion to proceed *in forma pauperis*, which is

18  GRANTED in a separate order. This Court now reviews the Complaint pursuant to 28

19  U.S.C. § 1915A and serves certain claims as set forth below.

20                       **STANDARD OF REVIEW**

21        Federal courts must engage in a preliminary screening of cases in which prisoners

22  seek redress from a governmental entity or officer or employee of a governmental entity.

23  28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the

24  complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or

25  fails to state a claim upon which relief may be granted," or "seeks monetary relief from a

26  defendant who is immune from such relief." *Id.* § 1915A(b). Pro se pleadings must be

27  liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

28  1990).

1            To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:

2 (1) that a right secured by the Constitution or laws of the United States was violated, and

3 (2) that the alleged violation was committed by a person acting under the color of state

4 law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

5                                       **ANALYSIS**

6            Plaintiff alleges that Defendant Puckett, a correctional officer at Salinas Valley

7 State Prison where Plaintiff was formerly housed, withheld his incoming mail in

8 "retaliation" for Plaintiff's refusal to stand during a prisoner count. Liberally construed,

9 this allegation states a cognizable claim for the violation of Plaintiff's First Amendment

10 rights. *See Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995) (providing that prisoners

11 enjoy a First Amendment right to receive mail). Plaintiff's allegations do not state a

12 cognizable retaliation claim, however, because only retaliation for the exercise of a

13 constitutional right is actionable under 42 U.S.C. § 1983. *See Mt. Healthy City Bd. of*

14 *Educ. v. Doyle*, 429 U.S. 274, 283-84 (1977). There is no constitutional right to refuse to

15 stand during a prison count.

16            In addition, Plaintiff's allegations against Defendant Neott for failing to properly

17 process his administrative appeals does not state a claim for the violation of Plaintiff's

18 constitutional rights. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding

19 that there is no constitutional right to a prison administrative appeal or grievance

20 system); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Accordingly, the retaliation

21 claim and the claims against Defendant Neott will be dismissed.

22                                **CONCLUSION**

23            For the foregoing reasons, the Court orders as follows:

24            1. Plaintiff states a cognizable claim against Defendant Puckett for violating his

25 First Amendment rights by withholding his legal mail. Plaintiff's retaliation claims and

26 his claims against Defendant Neott are DISMISSED. The Clerk shall TERMINATE

27

28                                    2

1  Defendant Neott them from this action.

2        2. The Clerk of the Court shall issue summons and the United States Marshal

3  shall Clerk of the Court shall issue summons and the United States Marshal shall serve,

4  without prepayment of fees, a copy of the Complaint and all attachments thereto, and a

5  copy of this order upon: **Correctional Officer Puckett at Salinas Valley State Prison**

6  in **Soledad, California.** The Clerk shall also <u>mail a courtesy copy of the complaint, all</u>

7  <u>attachments thereto, and this order to the California Attorney General's Office</u> and serve

8  a copy of this order on Plaintiff.

9        3. No later than **sixty (60) days** from the date of this order, Defendants shall

10  either file a motion for summary judgment or other dispositive motion, or a notice to the

11  Court that they are of the opinion that this matter cannot be resolved by dispositive

12  motion. The motion shall be supported by adequate factual documentation and shall

13  conform in all respects to Federal Rule of Civil Procedure 56.

14        a. If defendants elect to file a motion to dismiss on the grounds that plaintiff

15  failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a),

16  defendants **shall** do so in an unenumerated Rule 12(b) motion pursuant to <u>Wyatt v. Terhune,</u>

17  315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

18        b. Any motion for summary judgment shall be supported by adequate factual

19  documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.

20  **<u>Defendants are advised that summary judgment cannot be granted, nor qualified</u>**

21  **<u>immunity found, if material facts are in dispute. If any defendant is of the opinion that</u>**

22  **<u>this case cannot be resolved by summary judgment, he shall so inform the Court prior to</u>**

23  **<u>the date the summary judgment motion is due</u>**.

24        All papers filed with the Court shall be promptly served on the Plaintiff.

25        4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and

26  served on defendants no later than **thirty (30) days** from the date defendants' motion is

27

28                                              3

1    filed.

2                a. In the event the defendants file an unenumerated motion to dismiss

3    under Rule 12(b), plaintiff is hereby cautioned pursuant to *Wyatt v. Terhune*, 315 F.3d

4    1108, 1119-20 & n.4 (9th Cir. 2003):

5            If defendants file an unenumerated motion to dismiss for failure to
      exhaust, they are seeking to have your case dismissed. If the motion is
6      granted it will end your case.
              You have the right to present any evidence you may have which
7      tends to show that you did exhaust your administrative remedies. Such
      evidence may be in the form of declarations (statements signed under
8      penalty of perjury) or authenticated documents, that is, documents
      accompanied by a declaration showing where they came from and why
9      they are authentic, or other sworn papers, such as answers to
      interrogatories or depositions.
10            If defendants file a motion to dismiss and it is granted, your case
      will be dismissed and there will be no trial.

11
                b. In the event defendants file a motion for summary judgment, the Ninth Circuit
12
      has held that the following notice should be given to plaintiffs:
13
            The defendants have made a motion for summary judgment by which
14      they seek to have your case dismissed. A motion for summary judgment under
      Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
15            Rule 56 tells you what you must do in order to oppose a motion for
      summary judgment. Generally, summary judgment must be granted when there
16      is no genuine issue of material fact--that is, if there is no real dispute about any
      fact that would affect the result of your case, the party who asked for summary
17      judgment is entitled to judgment as a matter of law, which will end your case.
      When a party you are suing makes a motion for summary judgment that is
18      properly supported by declarations (or other sworn testimony), you cannot
      simply rely on what your complaint says. Instead, you must set out specific facts
19      in declarations, depositions, answers to interrogatories, or authenticated
      documents, as provided in Rule 56(e), that contradict the facts shown in the
20      defendants' declarations and documents and show that there is a genuine issue of
      material fact for trial. If you do not submit your own evidence in opposition,
21      summary judgment, if appropriate, may be entered against you. If summary
      judgment is granted in favor of defendants, your case will be dismissed and there
22      will be no trial.

23    *See Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read

24    Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317

25    (1986) (holding party opposing summary judgment must come forward with evidence showing

26    triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that

27

28                                              4

failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

5. Defendants <u>shall</u> file a reply brief no later than **fifteen (15) days** after plaintiff's opposition is filed.

6. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

8. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

9. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:  April 24, 2008

JEFFREY S. WHITE
United States District Judge

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALLAN LOUIS, | Case Number: CV07-06293 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| PUCKETT et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on April 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Dallan A. Louis
P.O. Box 1906
V78658
Tehachapi, CA 93581

Dated: April 24, 2008

Jeffrey S White

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

# Appendix B

COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983

Name  Louis _____ Dallan _____ A _____
       (Last)        (First)        (Initial)

Prisoner Number  V78658

Institutional Address  California Correctional Institution, P.O Box 1906, Tehachapi,

CA 93581

==================================================================

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

Dallman A. Louis _____

(Enter the full name of the
plaintiff in this action)

           vs.

Officer Puckett;

G.A. Neoth (chief Deputy Warden);

Appeals Coordinator (John Doe).

(Enter the full name of the
defendant(s) in this action)

Case No. 07 cv 6293 JSU-PR
(To be provided by the clerk
of court)

[PROPOSED] AMENDED
COMPLAINT UNDER THE CIVIL
RIGHTS ACT, 42 U.S.C § 1983

(  ) DEMAND FOR JURY TRIAL
( ✓ ) NO JURY TRIAL DEMAND
    (check one only)

    All questions on this complaint form must be answered in order
for your action to proceed.

I.   Exhaustion of Administrative Remedies

    Note:  You must exhaust your administrative remedies before
your claim can go forward.  The court will dismiss any
unexhausted claims.

1

A.    Place of present confinement _California Correctional Institution-Tehachapi_

B.    Is there a grievance procedure in this institution?
      YES ( ✓ )    NO (   )

C.    Did you present the facts in your complaint for review
      through the grievance procedure?    YES( ✓ )    NO (   )

D.    If your answer is YES, list the appeal number and the date
      and result of the appeal at each level of review.  If you
      did not pursue a certain level of appeal, explain why.

      1.    Informal appeal _____By passed  ( SVSP 06-D3833)_____

      2.    First formal level _Partially granted - January 2, 2007_
      _inquiry into allegations of staff misconduct supposedly conducted._

      3.    Second formal level _Partially granted - February 1, 2007_
      _Inquiry into allegations of staff misconduct suppositly conducted._
      _(IAB No. 0616534)_
      4.    Third formal level _Appeal granted in part - September 20, 2007_
      _Salinas Valley State Prison failed to provide the Directors level with completed copy of the_
      _inquiry conducted by Institution, ordering prison to provide Appeals Branch a copy for review of_
      _the inquiry completed on this matter._

E.    Is the last level to which you appealed the highest level of
      appeal available to you? YES ( ✓ ). NO (   )

F.    If you did not present your claim for review through the
      grievance procedure, explain why. _____

II.  Parties

     Write your name and your present address.  Do the same for
     additional plaintiffs, if any.

     A._Ladd, Dallas, California Correctional Institution, P.O. Box 1906, Tehachapi, CA 93581_

2

Write the full name of each defendant, his or her official
position, and his or her place of employment.

B. Puckett, Correctional Officer, Salinas Valley State Prison, P.O Box 1050, Soledad, CA 93960

G.A. Neotter, Chief Deputy Wardden, Salinas Valley State Prison, P.O Box 1050, Soledad, CA 93960

John Doe, Appeals Coordinator, Salinas Valley State Prison, P.O Box 1050, Soledad, CA 93960

III. <u>Statement of Claim</u>

State here as briefly as possible the <u>facts</u> of your case.  Be
sure to describe how each defendant is involved and to include dates,
when possible.  Do not give any legal arguments or cite any cases or
statutes.  If you have more than one claim, each claim should be set
forth in a separate numbered paragraph.

1. Plaintiff Loois alleges that on 12-4-06 defendant Puckett (a correctional officer employed at Salinas Valley State Prison) willfully and openly withheld his incoming mail in retaliation for Plaintiff not standing during count.

2. Plaintiff alleges that the regulations would have required defendant Puckett to cite him with a CDC Form 128B, or 115 Rules Violation Report for any infraction he would have been accused of committing, although Puckett took it upon himself to resort to retaliation by withholding Plaintiff's mail, which Puckett accumulated in the staff's office within the housing unit.

3. Plaintiff alleges that his cellmate McGowthy, T-71712, had returned from a ducat on 12-4-06, and informed him that he had seen their mail as Puckett was sorting it out, although later on that day while passing it out Puckett provided neither Plaintiff nor his cellmate with theirs.

4. Plaintiff alleges that he inquired of Puckett the whereabouts of his mail at this time, after his cellmate had already confronted Puckett earlier that day, whereas Puckett asserted they wouldn't receive it until they began standing for counts. Plaintiff then "boarded up" his cell windows to solicit Puckett's supervisors attention, at which time Puckett attempted to resolve the problem by furnishing Plaintiff his mail. Sgt. Jones aresponded and was informed of Puckett's actions, at which time Puckett went into the staff's office and returned with several articles of accumulated mail he had arbitrarily withheld from Plaintiff.

5. Plaintiff alleges that he had not received a CDC 115 for "boarding up" either, a showing of Administrative acquiescence of Puckett's misconduct, although defendant Neoth refused to

3

concede to the fact in response to Plaintiff's complaint against Puckett (Log SVSP 06-03833), where Neoth (as Chief Deputy Warden) refused to conduct a thorough/honest investigation, in an attempt to absolve Puckett of wrongdoing, despite revelation in a previous recent federal report release in January 2004 by a court monitor, Special Master John Hagar, concluding that the disciplinary system for investigating complaints of staff misconduct throughout the Department of Corrections was corrupted, "broken to the core".

6. Plaintiff alleges that as a result of defendant Neoth's counterfeit investigation of his complaint, the director, at the 3rd Level Review, was unable to affirm or reverse the decisions at the lower level, as no documents were produced or existed showing that an actual inquiry was conducted by defendant Neoth, or the Appeals Coordinator (John Doe), violating Plaintiff's due process.

7. Plaintiff alleges that defendants Neoth, and Appeals Coordinators (John Does) disregard for the complaint process, and disciplinary system's purpose attributes to/and sanctions the guards misconduct, which shows such conduct to be official policy, despite rules and regulations.

_____

_____

_____

_____

_____

## IV.  Relief

Your complaint cannot go forward unless you request specific relief.  State briefly exactly what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

- Declaratory judgment that the disciplinary system, for the processing/investigation of complaints is still ineffective, despite the federal report released in January 2004 by special Master John Hagar.

- Punitive, and compensatory in the amount of $10,000, for the emotional and mental anguish suffered.

DATED:  5-6-08

_____
(Plaintiff's signature)

4

---------------------------------------------------------------------

VERIFICATION
(optional)

I am the plaintiff in the above-entitled action.  I have read the
foregoing complaint and know the contents thereof.  The same is true
of my own knowledge, except as to those matters which are therein
alleged on information and belief, and as to those matters, I believe
it to be true.  I declare under penalty of perjury that the foregoing
is true and correct.

Dated:   5-6-08                      _____
                                     (Plaintiff's signature)

---------------------------------------------------------------------

JURY TRIAL DEMAND
(optional)

I demand a jury trial for all claims for which a jury trial is
allowed.

YES (✓)       NO ( )   (check one only)

Dated:   5-6-08                      _____
                                     (Plaintiff's signature)

(rev. 11/98)

5

# Proof of Service by Mail

RE: *Louis v. Puckett, et al*
USDC No. C07CV6293 JSW-PR

I declare that:

1) I am a resident of _California Correctional Institution_ in the county
   of _____kern_____, California.

2) I am over the age of 18 years.

3) My residence address is: _4QIA 209_
   _California Correctional Institution_
   _P.O. Box 1906_
   _Tehachapi, CA 93581_

   _____

4) On _May 6, 2008_, I served the attached ·MOTION FOR RECONSIDERATION/OR ALT.
   FOR LEAVE TO ADD DFT.
   on the _·Attorney Generals Office_ in said case by placing a true copy
   thereof enclosed in a sealed envelope with postage thereon fully paid, in
   the United States mail at _____ccI_____ addressed as follows:

   _ATTORNEY GENERAL OFFICE, 455 GOLDEN GATE AVE, STE.11000,_

   _SAN FRANCISCO, CA, 94102-3664_

5) I declare under penalty of perjury under the laws of the State of California
   that the foregoing is true and correct, and that this declaration was
   executed on the _6th_ day of ____May____, 20 _08_ at
   ___Tehachapi___, California.

   _____Dallan A. Louis_____
   Type or Print Name

   _____D. Louis_____
   Signature