1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  ROCHELLE C. EAST
   Senior Assistant Attorney General
4  THOMAS S. PATTERSON
   Supervising Deputy Attorney General
5  TRACE O. MAIORINO, State Bar No. 179749
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA 94102-7004
7   Telephone: (415) 703-5975
    Fax: (415) 703-5843
8   Email: Trace.Maiorino@doj.ca.gov

9  Attorneys for Defendant Puckett

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **DALLAN A. LOUIS,**<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>**S. PUCKETT.**<br><br>　　　　　　　　　　　　Defendant. | C 07-6293 JSW<br><br>**DECLARATION OF S. PUCKETT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** |

I, S. Puckett, declare:

1. I am a correctional officer at Salinas Valley State Prison (Salinas Valley). I have been employed by the California Department of Corrections and Rehabilitation (CDCR) for approximately two years and four months.

2. I understand that Plaintiff has named me as a defendant in the above-entitled action. I have reviewed the complaint in this action and understand that Plaintiff has alleged that I deprived him of his mail on December 4, 2006, in violation of the First Amendment.

3. On December 4, 2006, I was assigned to work at Facility C, Building 7 at Salinas Valley. There are approximately 128 inmates housed in Facility C. On that day, my duties were

Decl. Puckett Supp. Def.'s Mot. Summ. J.　　　　　　　　　　　　　　　　　　　　D. A. Louis v. Puckett, et al.
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　C 07-6293 JSW

1

to supervise inmates while they exercised on the exercise yard, escort inmates to and from the showers, distribute and collect feeding trays, and distribute mail.

4. On a typical day, the inmates are permitted to leave their cells and exercise on the yard. Inmates return to their cells at approximately 3:15 p.m. Once all inmates are secured in their cells, the daily mail is typically distributed to the inmates. The distribution of mail usually takes between fifteen to thirty minutes, depending on the amount of mail to be delivered.

5. After mail distribution, the inmates are provided an opportunity to shower and are fed their evening meal. Approximately one-half of the inmates shower before meal distribution, while the remaining half shower after meal distribution. My duties require me to supervise the inmates during the time that they travel from their cells to the showers. At times, I am required to escort inmates from their cells to the showers and back. Typically, meal distribution begins at approximately 4:30 p.m. Inmates are fed their evening meals inside of their cells. As such, my duties require me to distribute the meal trays to each inmate in his cell, and collect the meal trays after the inmates finish their meals. It takes approximately two to four hours for all inmates to shower and complete their evening meal.

6. On December 4, 2006, Plaintiff came in from the yard and asked me for his mail before he returned to his cell. In accordance with procedure, I told Plaintiff that he would not receive his mail until all the inmates returned from the yard and were secured in their cells. Plaintiff became visibly upset and uncooperative. He initially refused to return to his cell until he received his mail, but later complied.

7. Once the inmates were secured in their cells, I began to distribute the mail. I approached Plaintiff's cell and saw that he remained angry. Plaintiff continued to demand his mail in an assaultive tone. I did not deliver Plaintiff's mail to him at that time. I advised Plaintiff that he needed to remain calm and not become agitated about his mail. I continued to deliver mail to the other inmates. Once I delivered the remainder of the mail, I returned to Plaintiff's cell to deliver his mail to him. Approximately fifteen to twenty minutes had passed. I approached Plaintiff's cell and saw that he had "boarded-up" his cell window by placing an item over the window. This obstructed the view and I could not see inside of Plaintiff's cell. An inmate is not

Decl. Puckett Supp. Def.'s Mot. Summ. J.    D. A. Louis v. Puckett, et al.
C 07-6293 JSW

2

1 allowed to "board-up" his cell window at Salinas Valley because it prevents the correctional staff
2 from ensuring that the inmates are not engaging in wrongful behavior. I instructed Plaintiff to
3 remove the item from his window and offered his mail to him. Plaintiff refused to remove the
4 item from his window and refused his mail. He demanded to speak with my supervisor, the
5 sergeant on duty.

6     8. I immediately contacted my supervisors, Sgt. Jones and Sgt. Allen, who contacted
7 Plaintiff at his cell. Once Sgt. Jones arrived at Plaintiff's cell, Plaintiff immediately removed the
8 item from his window. I gave Sgt. Jones Plaintiff's mail and Sgt. Jones delivered the mail to
9 Plaintiff. Consequently, all incoming mail addressed to Plaintiff and delivered to Facility C,
10 Building 7, at Salinas Valley on December 4, 2006 was delivered to Plaintiff on that same day.

11     9. At no time did I withhold Plaintiff's mail because of it's content, type, or appearance.
12 I declare under penalty of perjury that the foregoing is true and correct.
13 Executed on July 15, 2008 at Soledad, California.

_____
S. PUCKETT

20122595.wpd
SF2008401774

Decl. Puckett Supp. Def.'s Mot. Summ. J.

*D. A. Louis v. Puckett, et al.*
C 07-6293 JSW

3