IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DALLAN A. LOUIS,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>PUCKETT, et al.,<br><br>　　　　　　　　　　　　Defendants. | C 07-6293 JSW<br><br>[PROPOSED] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

This is a prisoner-civil-rights suit against a state prison official. Defendant Puckett has moved for summary judgment against Plaintiff Louis's civil-rights claim, which he brought under 42 U.S.C. § 1983. After fully considering the parties' arguments, the Court grants Defendant's motion and makes the following orders:

As a prison inmate, Plaintiff enjoys a First Amendment right to send and receive mail. *Witherow v. Paff*, 52 F.3d 264, 265 (9th Cir. 1995). However, a temporary or isolated delay in mail delivery, without evidence of an improper motive, does not violate an inmate's First Amendment rights. *Crofton v. Roe*, 170 F.3d 957 (9th Cir. 1999). Plaintiff cannot meet his burden because he cannot show that he was deprived of his constitutional right to receive mail by Defendant. Instead, he simply did not receive his mail at the moment he demanded it from Defendant. On December 4, 2006, Plaintiff contacted Defendant and demanded his mail before

returning to his cell. In accordance with procedure, Defendant refused to comply with Plaintiff's request because all inmates must be secured in their respective cells before mail is delivered. Soon after, all the inmates were secured in their cells and Defendant commenced mail delivery. Within one hour of first demanding it, Defendant offered Plaintiff his daily mail, but Plaintiff refused to accept it without first being allowed to speak to Defendant's supervisor. Defendant contacted his supervisor, who contacted Plaintiff, after which Plaintiff accepted his mail. As such, Plaintiff received his mail shortly after he first demanded it. Accordingly, Plaintiff cannot show that Defendant failed to deliver Plaintiff's mail in violation of Plaintiff's First Amendment rights.

Defendant is entitled to qualified immunity because his conduct did not violate clearly established statutory or constitutional rights of which a reasonable official would have known. *Crofton v. Roe*, 170 F.3d 957 (9th Cir. 1999). The law in effect at the time did not show that Defendant's actions were clearly unlawful. A temporary or isolated delay in mail delivery, without evidence of an improper motive, does not violate an inmate's First Amendment rights. *Id.* Plaintiff cannot show that he suffered anything more than an isolated incident in which he received his mail a few hours after first demanding it from Defendant. Thus, for these reasons, a reasonable officer could believe that Defendant was not violating Plaintiff's constitutional rights. Accordingly, Defendant is entitled to qualified immunity.

IT IS HEREBY ORDERED that summary judgment is entered in favor of Defendant and against Plaintiff and this action be dismissed with prejudice and Defendant is granted qualified immunity.

IT IS SO ORDERED.

Dated:_____

THE HONORABLE JEFFREY S. WHITE
United States District Judge

Order Granting Def.'s Mot. Summ. J.                    *D. A. Louis v. Puckett, et al.*
                                                        C 07-6293 JSW

2

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **D. A. Louis v. Puckett, et al.**

No.:   **C 07-6293 JSW**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>August 22, 2008</u>, I served the attached

**DEFENDANT PUCKETT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT**

**DECLARATION OF S. PUCKETT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

**[Proposed] ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

**Louis A. Dallan, V-78658**
**California Correctional Institution**
**P. O. Box 1031**
**Tehachapi, CA 93581-1031**
*Pro Per*

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 22, 2008, at San Francisco, California.

| T. Oakes | /s/ T. Oakes |
|---|---|
| Declarant | Signature |

20134795.wpd